UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| TABATHA ROSE-DELK, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 23-033-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| EXCEPTIONAL LIVING CENTERS, | ) | **MEMORANDUM ORDER** |
| | ) | **AND OPINION** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Exceptional Living Centers[1] has filed a motion to dismiss Plaintiff Tabatha Rose-Delk's Complaint for insufficient service of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. [Record No. 9] Rose-Delk filed a response in opposition, using more ink to request that the Court exercise its equitable powers than explain why she, through counsel, failed to comply with service of process requirements in the first instance. [Record No. 13] The parties agree on one thing, however: rules matter in federal court. [Record Nos. 9 and 13]

The defendant's motion will be granted because Rose-Delk failed to serve the defendant in accordance with relevant and clear authorities governing proper service and because equitable remedies should not be exercised to excuse the plaintiff failure to timely serve the defendant.

---

[1] The defendant points out that the Complaint failed to note that Exceptional Living Centers is a trade name of the actual business entity, Medical Rehabilitation Centers, LLC.

-1-

## I.

Rose-Delk filed her Complaint on February 9, 2023, and the Clerk of the Court issued Summons for her to effect service on Exceptional Living Centers the following day. [Record No. 9] One hundred fifty-two days after filing the Complaint, Rose-Delk provided proof of service dated February 17, 2023, in the form of a receipt from the United States Postal Service. This action followed an order from the Court directing the plaintiff to show cause why the matter should not be dismissed for her failure to comply with Rule 4(m) of the Federal Rules of Civil Procedure. [Record No. 5] The receipt revealed that Rose-Delk addressed service to Walter T. Watts, the president, manager, and registered agent of Exceptional Living Centers. [Record No. 9] Rose-Delk opted to conduct service by mailing the Complaint and Summons through Certified Mail, which allowed any representative at the destination to receive the package. [*Id*.] As a result, rather than the only capable recipient being served, office administrator Netza Mullins signed the receipt and accept service. [*Id*.] Nevertheless, Rose-Delk claims this satisfied her service of process duties because the defendant entity constructively received the official documents. She also cites, though counsel, that the departure of a paralegal administratively assisting in his representation of Rose-Delk explains the delay in filing the return of service until after this Court issued its show cause order. [Record No. 13]

Exceptional Living Centers acknowledges that it learned of the action against it the day after Delk-Rose filed the Complaint when its attorney discovered the action in an online database. [Record No. 9-1] However, it argues that its registered agent, Walter Watts, has not been properly served. [*Id*.] Thus, resolution of this motion depends on whether service on

the defendant's office administrator constitutes proper service of process or, as a secondary matter, whether an equitable remedy is available to excuse plaintiff's lack of proper service.

II.

Our judicial system is underpinned by the notion that federal courts lack personal jurisdiction over an individual or an entity without proper service of process, consent, or a waiver. *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012). To ensure that due process is provided, a plaintiff is responsible for demonstrating that a defendant has been properly served. Fed. R. Civ. P. 4(c)(1). A defendant may move to dismiss a Complaint for insufficient service of process if a plaintiff fails to effectuate proper service within ninety days of the Complaint's filing. Fed. R. Civ. P 4(m); *Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994).

Service of process is governed by Rule 4 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 4 The rule requires, in relevant part, that corporate entities must be served "by delivering a copy of the summons and of the complaint to *an officer, a managing or general agent, or any other agent authorized by appointment or by law* to receive service of process." Fed. R. Civ. P. 4(h)(1)(B) It further counsels that that such service may be completed by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1).

In turn, the relevant Kentucky Rule of Civil Procedure requires that service be made on a corporate entity "by serving an officer or managing agent thereof, or the chief agent in the county wherein the action is brought, or any other agent authorized by appointment or by law to receive service on its behalf." Ky. R. Civ. P. 4.04(5); *see, e.g., Thomas B. Jeffrey Co. v. Lockridge*, 190 S.W. 1103 (Ky. 1917) (emphasizing that Kentucky law requires that the

individual properly receiving a Complaint and Summons must have authority to accept service on behalf of the corporate entity). This delivery may be completed in person or through certified mail. Ky. R. Civ. P. 4.04(1)(a). If certified mail is the chosen method, service must be effectuated "with instructions to the delivering postal employee to deliver to the *addressee only* and show the address where delivered and the date of delivery." [*Id.*]

The combined effect of these rules means that Plaintiff's Rose-Delk must have served Exceptional Living Centers in person or through certified mail to the addressed officer or authorized agent for it to qualify as proper on its face. But that is not what happened. Rose-Delk attempted to effectuate service without taking care to ensure that she followed both federal and state rules of procedure mandating that *only the addressee* (who, in this case, is also the registered agent) received it. Thus, even though Ms. Mullins, an employee of Exceptional Living Centers, provided a signature upon delivery of service to the corporate entity, the Complaint and Summons still have not been properly served on the addressee, Mr. Walter Watts, as required and nearly seven months after Rose-Delk filed her Complaint.

### III.

Rose-Delk next looks to tolling in seeking to avoid dismissal of her Complaint. She contends that Rule 4(m) of the Federal Rules of Civil Procedure can provide recourse for plaintiffs who fail to properly effectuate service upon a showing of good cause for the deficient action. Fed. R. Civ. P. 4(m). Faced with a valid claim of improper service, a court "must dismiss the action without prejudice or order that service be made within a specified time" unless good cause is established by showing that the deficiency was caused by excusable neglect. *See, e.g., Nafzinger v. McDermott Int'l Inc.*, 467 F.3d 514, 521 (6th Cir. 2006). If

that high mark is met by the plaintiff, this Court would be required to "extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m)

In response to the Court's earlier show cause order and to the defendant's motion to dismiss, the plaintiff's counsel contends that he failed to effectuate proper service because of the departure of a paralegal. [Record Nos. 7, 13] But the plaintiff fails to explain how that departure in any way absolves counsel of the duty to ensure service is proper or why counsel **still has not served** the defendant properly. *See Counter Terrorist Group U.S. v. New York Magazine*, 374 F. App'x 233 (2d Cir. 2010) ("Attorney error does not constitute good cause under Rule 4(m)."). Because an administrative employee's departure does not constitute 'good cause' within the meaning of Rule 4(m), it offers Rose-Delk no assistance in preventing dismissal of her Complaint.

### IV.

As a last resort, Rose-Delk also seeks to invoke the Sixth Circuit's factor-based test in determining whether to grant the plaintiff additional time effectuate service in the absence of good cause. *Savoie v. City of East Lansing*, 2022 WL 3643339 at *5 (6th Cir. August 24, 2022) (district courts may order that proper service be effectuated as an equitable remedy). The factors for consideration are:

> (1) whether an extension of time would be well beyond the timely service of process;
>
> (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;
>
> (3) whether the defendant had actual notice of the lawsuit;
>
> (4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, *i.e.*, would the plaintiff's lawsuit be time-barred;

(5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;

(6) whether the plaintiff is a *pro se* litigant deserving of additional latitude to correct defects in service of process; and

(7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 569 (6th. Cir. 2022).

Here, all but two factors cut against Rose-Delk's argument. Aside from Exceptional Living Center's constructive notice about the lawsuit's existence following its counsel's discovery in an online database, only the limited possibility of prejudice to the plaintiff otherwise supports the motion's defeat. But as other jurisdictions have held, attorney error, especially an error that has yet to be remedied in good faith months after the Complaint was filed, does not justify the exercise of remedial powers. The remaining factors weigh against Rose-Delk based on the analysis outlined above. In short, it would be improper for this Court to exercise discretion to extend the time for service.

Being sufficiently advised, it is hereby

**ORDERED** that the defendant motion to dismiss for insufficient service [Record No. 9] is **GRANTED**. This matter is **DISMISSED**, without prejudice, and **STRICKEN** from the docket.

Dated: September 28, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky